IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS LINDSEY,

       Plaintiff,

 v.

TRACEY MARTIN and JOANNE GOVIER,

       Defendants.

ORDER

19-cv-70-jdp

---

  Pro se plaintiff Carlos Lindsey, an inmate at Wisconsin Secure Prison Facility, alleges that defendants Tracey Martin and Joanne Govier gave him a plastic spoon while he was in clinical observation, and that he used it to harm himself. Dkt. 1. Lindsey asserts a claim under 42 U.S.C. § 1983 for violation of the Eighth Amendment.

  I recently sanctioned Lindsey for misconduct in another case. *See Lindsey v. Johnston*, No. 18-CV-398-jdp, 2018 WL 6606241 (W.D. Wis. Dec. 17, 2018). Under the terms of the sanctions, Lindsey is generally barred from proceeding with new cases. The only case-initiating documents he may file are habeas corpus petitions and complaints in which he alleges that he is in imminent danger of serious physical harm. This is not a habeas petition, so Lindsey must allege that he is in imminent danger.

  To meet the imminent-danger requirement, Lindsey must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Here, the factual allegations in Lindsey's complaint describe only a single incident that occurred in the past. Because Lindsey alleges a

harm that already occurred, and is not ongoing or imminent, Lindsey has not satisfied the imminent-danger requirement.

Lindsey says that "this is an ongoing issue which has placed Lindsey's safety under imminent danger of serious physical harm." Dkt. 1, at 3. But this allegation is conclusory. Lindsey has not alleged that the named defendants have given him plastic spoons more than one time in the past, and he has not stated why he thinks they are likely to do it again in the future. Lindsey says he wants an injunction against the warden to change prison policy. But Lindsey has not named the warden as a defendant, nor has he alleged that this incident was caused by the prison's policies. On the contrary, Lindsey says that Martin and Govier violated prison policy when they failed to check his meal for contraband.

Because Lindsey has not alleged facts showing that he is in imminent danger of serious physical harm, I will dismiss his case.

ORDER

IT IS ORDERED that this case is DISMISSED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered February 15, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge